**Moheb Zaki KHELLA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–76668.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2009.

Filed Sept. 8, 2009.

Ravit Rae Halperin, Immigration Law Offices of R. Rae Halperin, Lancaster, CA, for Petitioner.

Sarah Maloney, William Clark Minick, Trial, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, Gladys Marta Steffens Guzman, Esquire, U.S. Department of Justice, Washington, DC, CAC–District

Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, for Respondent.

Before: CANBY, WARDLAW, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Moheb Zaki Khella, a native and citizen of Egypt, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and denying his motion to continue or administratively close proceedings. We review for substantial evidence the agency's factual findings. *See Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir.2006). We grant in part and deny in part the petition for review, and remand for further proceedings consistent with this disposition.

Substantial evidence does not support the agency's denial of asylum and withholding of removal. The record compels the conclusion that the cumulative effect of multiple beatings, detentions, and threats rose to the level of persecution and that Khella was persecuted by state officials and Islamic extremists on account of his religion. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998). Accordingly, we grant the petition as to Khella's asylum and withholding of removal claims. We remand those claims for the agency to apply the presumptions of a well-founded

fear of persecution and of eligibility for withholding of removal, and to provide the government with an opportunity to rebut them. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We conclude, however, that the IJ's denial of CAT protection is supported by substantial evidence because the record does not establish that Khella more likely than not would be tortured if returned to Egypt. *See Almaghzar*, 457 F.3d at 922–23. We therefore deny the petition with regard to Khella's CAT claim.

Because we remand on other grounds, we do not reach Khella's contentions regarding the IJ's denial of a continuance and denial of administrative closure.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; and REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided